UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Criminal Action No. 5:21-cr-00002-BJB-LLK

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | |
| MYREE MARSHALL | DEFENDANT |

## MEMORANDUM OPINION AND ORDER
## WITH WARNINGS AND REMINDERS TO DEFENDANT

This matter is before the Court on the motion of Defendant's fifth court-appointed defense counsel, David T. Bundrick, to withdraw and have the Court appoint Defendant a sixth counsel. [Doc. 145].

Previous defense counsel were: Laura Wyrosdick, Eddie Jones, Kevin Olsen, and David Riley. Ms. Wyrosdick was with the federal public defenders' office, and the other attorneys were appointed under the Criminal Justice Act (CJA).

On September 28, 2023, the District Judge held an in-person status conference. [Doc. 149]. Near the beginning of the hearing, Mr. Bundrick recounted that he filed the motion [Doc. 145] on Defendant's behalf after filing objections to the report recommending that the District Judge deny his motion to suppress [Doc. 125, 139, 140]. Near the end of the hearing, Defendant clarified that he still wanted a new layer, and Mr. Bundrick clarified that he still wanted to be replaced.

The Court referred Doc. 145 to the undersigned Magistrate Judge for ruling pursuant to 28 U.S.C. § 636(b)(1)(A). [Doc. 149].

For the reasons below, the Court will GRANT Doc. 145. By separate Order, the Court will APPOINT a sixth attorney to represent Defendant. Additionally, the Court will WARN Defendant that any future request for a seventh appointed counsel in the absence of good cause may result in waiver of his Sixth Amendment right to counsel.

**The Court will grant Defendant's motion for replacement counsel [Doc. 145].**

1

To justify appointment of new counsel, a defendant must demonstrate good cause to warrant substitution of counsel.  *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990).  In determining whether there is good cause, the Court considers four factors:  1) the timeliness of the motion, 2) the adequacy of the court's inquiry into the matter, 3) the extent of the conflict between the attorney and client and whether it was so great that it resulted in a total lack of communication preventing an adequate defense, and 4) the balancing of these factors with the public's interest in the prompt and efficient administration of justice.  *United States v. Wells*, 55 F.4th 1086, 1090-92 (6th Cir. 2022).

In this case, the first factor predominates.  "In assessing the timeliness prong, the temporal proximity between a motion to substitute counsel and a critical stage in the proceedings in paramount." *United States v. Hudson*, 2023 WL 1463701 (6th Cir., Feb. 2, 2023).  A defendant's expression of dissatisfaction with counsel was held to be untimely when expressed "just thirteen days before trial and five days before the final pretrial conference."  *United States v. Trevino*, 7 F.4th 414, 429 (6th Cir. 2021).  In the present case, in contrast to *Trevino*, Defendant's case is neither literally nor figuratively on the eve of trial.

As to the third factor, Mr. Bundrick' motion provides uncontradicted evidence of a total lack of communication preventing an adequate defense:

> The undersigned hereby moves the Court to allow him to withdraw from further duty of representation in this matter.  In support of this Motion, the undersigned states that there has been a complete breakdown of the attorney-client relationship and that Mr. Marshall refuses to meet with the undersigned.  Mr. Marshall has also expressed his dissatisfaction with the undersigned in pro se communications to the Court (Documents 135 and 141).  Under the circumstances, it is not possible for the undersigned to effectively represent Mr. Marshall.

[Doc. 145].

Therefore, the Court will grant Defendant's motion for replacement counsel [Doc. 145].

### Warnings and reminders

Defendant is WARNED that any future request for a seventh appointed counsel in the absence of good cause may result in his having to represent himself.  More specifically, Defendant is WARNED that:

1.  To justify appointment of new counsel, a defendant must demonstrate good cause to warrant substitution of counsel. *United States v. Iles*, 906 F.2d 1122, 1130 (6th Cir. 1990).

2.  An analysis of good cause requires an inquiry into whether the conflict between counsel and the defendant has "resulted in a total lack of communication preventing an adequate defense." *United States v. Marrero*, 651 F.3d 453, 464 (6th Cir. 2011) (quoting *United States v. Jennings*, 83 F.3d 145, 148 (6th Cir. 1996)). Such a showing requires more than just unsatisfactory communications, disagreement as to defense counsel's strategy, or a defendant's "differences of opinion with his attorney." *Id.* at 466; *Jennings*, 83 F.3d at 149. Further, "lack of communication resulting from a defendant's refusal to cooperate with his attorney does not constitute good cause for substituting counsel." *Id.* at 467.

3.  The Sixth Amendment provides that a criminal defendant shall have the right to the assistance of counsel for his defense. U.S. Const. amend. VI. In *Faretta v. California*, 422 U.S. 806, 807 (1975), the Supreme Court recognized a corollary constitutional right "to proceed without counsel when [a defendant] voluntarily and intelligently elects to do so."

4.  Repeated requests for appointment of counsel in the absence of good cause may result in implicit waiver of the Sixth Amendment right to counsel and an implicit decision to represent oneself. *See United States v. Pittman*, 816 F.3d 419, 422 (6th Cir. 2016) (determining at a hearing that "Pittman had effectively waived his right to counsel by refusing to cooperate with five lawyers"); *United States v. Coles*, 695 F.3d 559, 562 (6th Cir. 2012) (finding that Coles exercised his right to represent himself when he requested another attorney after the district court had previously warned him that this was his last appointed attorney); *United States v. Green*, 388 F.3d 918, 921 (6th Cir.2004) ("[A] persistent, unreasonable demand for dismissal of counsel and appointment of new counsel is the functional equivalent of a valid waiver of counsel."); *King v. Bobby*, 433 F.3d 483, 492 (6th Cir.2006) ("[B]y rejecting all of his options except self-representation, [the defendant] necessarily chose self-representation.").

Defendant is REMINDED that the following exchanges, which occurred at the hearing on September 28, 2023:

District Judge:  [T]his cycling through lawyers can't go on forever, you know.  You have a right to a lawyer who will capably represent you but not necessarily the specific lawyer you would prefer, and at some point if all the lawyers keep cycling out, courts have held that that amounts to effectively waiving your right to counsel so that you would have to represent yourself.  Do you understand that?

Defendant:  Yes, sir.

The Court:  Okay.  And I worry that we're getting close to that line.  And so I think we're at the position where if we let go of Mr. Bundrick, then absent something unforeseen, the next lawyer would probably be the last one before we would have to basically say if not this person, then you're on your own.  Does that make sense?

Defendant:  Yes, sir.

The Court:  … At some point we have to move forward.  And the Courts have recognized that after three, four, five -- at some point it begins to look strongly like the problem isn't with every single lawyer, it's that you've been just unable to work with a lawyer.  And that's why these – in some circumstances these courts have said at a certain point you can't continue to cycle through, you're effectively choosing to represent yourself, okay?  And so that's -- I'm not saying that's the case today, but I think every decision you make going forward needs to be made with that in mind, that you may – if you're unable to work with experienced counsel, you may effectively choose to lose the right to counsel, which would be really significant.  And I would -- like I said earlier, I would hate for you to end up in that situation without a really, really good reason if we can avoid it, okay?

Defendant:  Yes, sir.

The Court:  [Appointed counsel's job is] … to diligently represent you and make not every argument that's out there but every argument that's supported by law or fact in an arguably way, okay – the lawyers job is not to make any and every argument that is imaginable.  Do you understand that?

Defendant:  Yes, but ….

The Court:  All right. I understand, and I'm not trying to litigate the past.  I'm just talking about the future, because I'm concerned that if we find ourselves in this position again, then the conversation is going to be about you representing yourself and putting yourself at a serious disadvantage for all the reasons we discussed earlier today, okay.  So it's very important for you to understand the limits on your lawyer's role, what he or she can do to help you, but that there are things that that lawyer won't be able to do, okay?

Defendant:  Yeah, I get that.  But ….

The Court: Okay. There are a bunch of issues, I understand, but, still, that's five times, which is a huge number compared to most people in your position -- I'm not saying they're all solely to blame for you, okay? But I am saying that we're getting down to it, and we need to work extra hard to make it work the next time, all right?

Defendant: I do. I do my best

In summary, if Defendant requests a seventh replacement counsel, the Court may require him to identify good cause supporting the request. Generally, disagreement on points of law and legal strategy and/or refusal to cooperate do not constitute good cause. *See United States v. Marrero*, 651 F.3d 453, 467 (6th Cir. 2011) ("[L]ack of communication resulting from a defendant's refusal to cooperate with his attorney does not constitute good cause for substituting counsel."); *United States v. Pittman*, 816 F.3d 419, 422 (6th Cir. 2016) ("Pittman had effectively waived his right to counsel by refusing to cooperate with five lawyers").

## Order

Therefore, Defendant's motion for the Court to replace his fifth court-appointed defense counsel, David T. Bundrick, with a sixth court-appointed counsel [Doc. 145] is hereby GRANTED. Defendant is hereby WARNED that any future request for a seventh appointed counsel in the absence of good cause may result in waiver of his Sixth Amendment right to counsel.

October 6, 2023

Lanny King, Magistrate Judge
United States District Court