# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### PADUCAH DIVISION

UNITED STATES

    v.                                                            No. 5:21-cr-2-BJB

MYREE MARSHALL

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Myree Marshall pled guilty to unlawful possession of a firearm and received a sentence of 84 months' imprisonment followed by three years of supervised release. Criminal Judgment (DN 183). He now seeks a court order directing the Bureau of Prisons to award him credit under the First Step Act for completing various classes while incarcerated. Motion (DN 193) at 1.

The First Step Act provides that prisoners who "successfully complet[e] evidence-based recidivism reduction programming or productive activities" may earn credit toward their sentence that could ultimately reduce their time remaining to serve. 18 U.S.C. § 3632(d)(4)(A). The Bureau of Prisons administers those programs and applies such credits under regulations it has promulgated. *See* 28 C.F.R. § 523.42. That authority is part of the Bureau of Prisons' broader "responsibility for administering" federal sentences. *United States v. Wilson*, 503 U.S. 329, 334 (1992) (citing 18 U.S.C. § 3621(a)). To the extent a prisoner disputes the Bureau's computations, he must avail himself of the agency's administrative remedy program. *See* 28 C.F.R. § 542.10, *et seq.* If a dispute remains after a prisoner exhausts those remedies, he may pursue relief by writ of habeas corpus. *See Setser v. United States*, 566 U.S. 231, 244 (2012) (explaining the process).

Otherwise the law leaves no role for a district judge to play in calculating a defendant's time served following the court's imposition of the sentence. *See, e.g.*, *United States v. Anderson*, No. 1:13-cr-91, 2023 WL 4353546, at \*3 (S.D. Ohio July 5, 2023); *cf. United States v. Crozier*, 259 F.3d 503, 520 (6th Cir. 2001); *Miller v. Fed. Bureau of Prisons*, No. 1:13-cv-2633, 2014 WL 2722343, at \*3 (N.D. Ohio June 16, 2014); *United States v. Montez-Gaviria*, 163 F.3d 697, 700–01 (2d Cir. 1998) (judge has no role in awarding sentencing credit given BOP authority).

Because this Court lacks authority to issue the order the Defendant seeks, his motion (DN 193) fails.